[No. 15035. Department Two. March 12, 1919.]

R. E. HUSTON, *Appellant,* v. BIG BEND LAND COMPANY
*et al., Respondents.*[1]

FORCIBLE ENTRY AND DETAINER (10)—EVIDENCE—OF EVICTION—
SUFFICIENCY. Under Rem. Code, § 810, defining forcible entry, there
was no eviction to sustain an action of forcible entry and detainer
against a vendee from a landlord who went into possession at
a time when the premises were vacant and unoccupied, without
knowledge that the landlord had unlawfully evicted plaintiff under
a void writ of restitution, the plaintiff never having demanded pos-
session of such vendee.

SAME (2)—NOTICE AND DEMAND—NECESSITY. Under Rem. Code,
§ 811, one who enters upon unoccupied lands is not guilty of forcible
detainer in the absence of any demand for possession.

SAME (12)—DAMAGES—RENTAL VALUE—WAIVER BY LACHES. The
rental value of premises, as damages in an action for forcible entry
and detainer, is waived by a tenant who, after being ousted on a
void writ, made no demand to be repossessed of the premises and
began no proper legal proceeding to be restored to possession for a
period of more than three years after being evicted.

Appeal by plaintiff from a judgment of the su-
perior court for Lincoln county, Carey, J., entered
July 15, 1918, upon findings in favor of one of the de-
fendants, in an action of forcible entry and detainer,
tried on the merits to the court. Affirmed.

*John G. Barnes,* for appellant.

*Merritt, Lantry & Merritt,* for respondents.

PARKER, J.—The plaintiff, Huston, commenced this
action in the superior court for Lincoln county as one
of forcible entry, seeking restitution of his posses-
sion of a ranch, situated in that county, which he
claims to have been forcibly dispossessed of by the
defendants; and also seeking recovery of damages
therefor from the defendants land company and Ken-

[1]Reported in 179 Pac. 101.

nedy. Trial upon the merits before the court without a jury resulted in findings and a judgment denying to the plaintiff any relief as against the defendant Kennedy, upon the ground that he had nothing to do with the forcible eviction of the plaintiff Huston, though he thereafter went into possession of the ranch; and adjudging that the plaintiff, Huston, is entitled to be restored to the possession of the ranch, and awarding him damages, as against the defendant land company, upon the ground that it forcibly evicted him therefrom. From this disposition of the case, the plaintiff has appealed to this court.

In the winter and early spring of 1915, Huston was in possession of the ranch in question, under a lease, as tenant of the land company. On February 25, 1915, the land company entered into a contract with Kennedy for the sale of the ranch to him, giving him the right of possession thereof, subject to forfeiture upon his failure to perform the conditions of the sale contract. While the lease from the land company under which Huston was in possession is not in evidence, there is enough in the evidence, principally in Huston's testimony, to show that there were provisions therein that, upon the sale of the land by the land company and payment by it to Huston of certain sums, it would be entitled to immediate possession of the ranch, though the term of the lease be then unexpired. Soon after entering into the contract of sale with Kennedy by the land company, it notified Huston of the making of the sale contract, and demanded possession of the ranch from Huston; and it claims to have offered to perform the conditions of the lease, the performance of which would entitle it to immediate possession. Huston failed to comply with this demand of the land company.

On March 3, 1915, the land company attempted to commence and prosecute an action of unlawful detainer against Huston to recover possession of the ranch. That attempt resulted in Huston's being unlawfully forcibly dispossessed of the ranch on March 10, 1915, under a void writ of restitution, issued at the instance of the land company out of the superior court for Lincoln county, the court never having acquired jurisdiction in the cause. Our decisions in *Big Bend Land Co. v. Huston,* 98 Wash. 640, 168 Pac. 470, and *State ex rel. Huston v. Big Bend Land Co.,* 100 Wash. 425, 171 Pac. 259, determined the effect of this attempted commencement and prosecution of an unlawful detainer action. In the latter decision, at page 427, we said:

"The situation of the relators, in so far as present rights of action and remedies are concerned, is the same as if the Big Bend Land Company had, without beginning suit at all, gone upon the land in controversy and forcibly removed the relators therefrom."

This action was commenced by Huston on March 19, 1918, which it will be noticed was over three years after he was forcibly dispossessed under the void writ of restitution. The trial court found, touching Kennedy's going into and retaining possession of the ranch, as follows:

"That thereafter (after March 10, 1915) the defendant J. J. Kennedy went upon and into the possession of said real estate and farmed and cultivated the same and thereafter during the spring of 1916 moved upon said real estate and established his residence where he has since and now resides.

"That, at the time the defendant J. J. Kennedy went to and upon said real estate, it was vacant and unoccupied, there being no person thereon, and at said time said J. J. Kennedy did not have knowledge of the manner in which the possession of said real es-

tate had been taken from the plaintiffs or how and in what manner the plaintiffs had been ousted therefrom.

"That at no time has the plaintiff nor any person ever demanded from the defendant J. J. Kennedy that he deliver to them the possession of said real estate nor has any notice been given requiring them to quit, leave and deliver possession of said real estate to them, but that during all of said time said defendant J. J. Kennedy has been in the sole and exclusive possession of said real estate jointly with his wife, who he married during the latter part of 1915."

While these findings were excepted to by counsel for Huston, we think it sufficient to say that a careful reading of all of the evidence convinces us that they are amply supported thereby.

Was the trial court in error in its refusal to award any relief to Huston as against Kennedy; that is, in holding that Huston is not entitled in this action to be restored to possession of the ranch as against Kennedy? It seems plain to us that this inquiry must be answered in the negative, in view of the trial court's findings above quoted, which we think are fully justified by the evidence, touching the manner of Kennedy's going into possession of the ranch when it was unoccupied, and the failure of Huston to ever make any demand for possession of the ranch from Kennedy. We have noticed that Huston commenced and prosecuted this action upon the theory that Kennedy was guilty of forcible entry with the land company, which is defined by § 810, Rem. Code, as follows:

"Every person is guilty of a forcible entry who either,—

"(1) By breaking open windows, doors, or other parts of a house, or by fraud, intimidation, or stealth, or by any kind of violence or circumstances of terror, enters upon or into any real property; or

"(2) Who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct the party in actual possession."

The facts, as shown by the evidence and found by the trial court, plainly negative the doing of any of these acts by Kennedy. This it seems to us leaves no room for arguing that Huston may be awarded relief in this action as against Kennedy upon the theory of Kennedy being guilty of forcible entry with the land company. It is not claimed that Huston is entitled to relief in this action as against Kennedy upon the ground that Kennedy is guilty of forcible detainer, which is defined by § 811, Rem. Code, as follows:

"Every person is guilty of a forcible detainer who either,—

"(1) By force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or

"(2) Who in the night-time, or during the absence of the occupant of any real property (unlawfully) enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant."

If any such claim were made in this action, it would fail, if for no other reason, because no demand was ever made by Huston for possession of the ranch from Kennedy.

The contention of counsel for Huston, that the trial court erred in refusing to award him a larger measure of relief, as against the land company, has to do, in its last analysis, only with the question of the amount of damages he is entitled to in this action, as against the land company. While Huston is adjudged to be entitled to possession of the ranch, as against

the land company, that portion of the judgment is rendered ineffective in so far as his actual recovering possession is concerned; since the land company is no longer in possession of the ranch, and Huston cannot have recovery thereof from Kennedy. That adjudication, however, was evidently made against the land company in order to support recovery of damages against it; that is, upon the theory that, before the land company would be rendered liable in damages, it must first be adjudged guilty of forcible entry as against Huston, and Huston adjudged entitled to possession as against it.

The trial court found that, by reason of Huston's being forcibly ejected from the ranch by the land company, he was damaged in the sum of $250, and rendered judgment in his favor against the land company for double that sum, holding that he was entitled to double damages under § 827, Rem. Code. The trial court's findings indicated that it made no award of damages to Huston for his being deprived of the use of the ranch after March 10, 1915, when he was forcibly evicted by the land company. Counsel insists that Huston is entitled to recover the rental value of the ranch, or his prospective profits in farming the same, during the entire period from his eviction on March 10, 1915, to at least the date of the commencement of this action on March 19, 1918, a period of over three years. Counsel invokes the general rule, as stated in some of the authorities, in substance, that, if the issues of forcible entry or unlawful detainer are found for the plaintiff, the law awards him the value of the rents and profits of the premises during the time of the detention, regardless of his title or right to the premises; citing, *Roff v. Duane,* 27 Cal. 565; *Warburton v. Doble,* 38 Cal. 619; and

other authorities. No decision has come to our notice making this general rule applicable to a case where, as here, the plaintiff has never demanded to be repossessed of the premises from which he has been forcibly evicted, and has instituted no proper legal proceeding seeking to be restored to possession of the premises for a period of more than three years after he has been evicted therefrom. Such delay in invoking the remedy provided by our forcible entry and detainer statutes, which are designed to protect possession only and not to protect or determine title, we are of the opinion constitutes at least a waiver of damages for the loss of the use of the premises after eviction. Whether or not such delay on the part of Huston would affect his other claims here made, we need not inquire, since the land company has not appealed from the judgment.

Some contention is made that the damages awarded to Huston, apart from the use of the ranch, are inadequate, under the evidence. We think there was no error in this respect.

The judgment is in all things affirmed.

MOUNT, FULLERTON, MAIN, and HOLCOMB, JJ., concur.