[No. 27441. Department Two. September 5, 1939.]

E. T. HARRISON, *Respondent*, v. CONSOLIDATED HOLDING COMPANY, *Appellant*.[1]

*Rigg, Brown & Halverson* and *Paul M. Goode,* for appellant.

*S. F. McAnally* and *Velikanje & Velikanje,* for respondent.

BEALS, J.—During the month of November, 1930, American Machinery & Electric Company, a corporation engaged in business in the state of Washington, having an office in the city of Tacoma, entered into an agreement with Independent Bakery, Inc., a corpora-

[1]Reported in 93 P. (2d) 729.

tion engaged in business in the city of Yakima, to install a freight elevator in a building which the bakery was constructing. The elevator was installed, and March 23, 1931, pursuant to the construction contract above referred to, the two corporations entered into a conditional sales contract, whereby the machinery company agreed to sell the elevator to the bakery for $2,200, to be paid in installments, according to the terms of the written contract, which contract was filed for record in the office of the auditor of Yakima county, March 27, 1931. Some payments were made on account of the purchase price, and February 16, 1932, there was a balance due on the contract in the sum of $1,790.

October 15, 1931, the machinery company, for value, sold and assigned the conditional sales contract to E. T. Harrison, who at all times thereafter, up to and including the date of the entry of judgment in this action, remained the owner thereof.

February 11, 1931, an action was instituted before the superior court for Yakima county against the bakery, seeking foreclosure of a mortgage or some other lien against the bakery's property which contained the elevator. Decree of foreclosure was entered, and April 30, 1932, the property was sold by the sheriff to Consolidated Holding Company, a corporation, which received a deed to the premises May 10, 1933, the holding company having ever since been the owner of the premises.

February 3, 1937, E. T. Harrison, as assignee of the vendor in the conditional sales contract above referred to, instituted this action against Consolidated Holding Company, a corporation, Independent Bakery, Inc., a corporation, and another corporation which, it was alleged, had some interest in the premises, plaintiff alleging facts as above set forth; that the balance above

referred to was due on the contract of conditional sale; that the holding company had taken title to the building subject to plaintiff's interest in the elevator and had refused to permit plaintiff to remove the elevator; plaintiff praying for a decree establishing his title to the elevator, its accessories and equipment, barring defendants from any claim to or interest in the property, and restraining the holding company from interfering with plaintiff in removing the elevator from the premises.

The record before us shows no pleading on the part of any defendant save the holding company, which answered, denying many of the material allegations of plaintiff's complaint, admitting its ownership of the building containing the elevator, and that it had refused to permit plaintiff to remove the same. For a first affirmative defense, the answering defendant alleged its corporate existence; that it purchased the property April 30, 1932; that the elevator was then in the building, permanently attached thereto and to the real estate upon which the building was located; that the elevator was a fixture within the building and could not be removed therefrom. For a second defense, the defendant alleged that, at all times since its purchase of the property, defendant asserted its rights of ownership in and to the elevator and building, openly and adversely to all claims, including the claim of the plaintiff; that the defendant paid all taxes against the building and the elevator therein contained; that the defendant acquired ownership of the elevator by adverse possession; and that plaintiff's action had not been commenced within the time limited by law. For a third defense, defendant specifically pleaded that plaintiff's action was barred by the statute of limitations and, for a fourth defense, pleaded that plaintiff and his assignor

had been guilty of such laches as precluded their assertion of any right in or to the elevator.

The affirmative defenses having been denied by a reply, the action came on regularly for trial before the court, sitting without a jury. The court entered findings of fact and conclusions of law in plaintiff's favor, and from a decree declaring plaintiff to be the owner of the elevator, its accessories and equipment, and barring the defendants from asserting any right, title, or interest thereto, and restraining them from interfering with plaintiff in removing the elevator, its accessories and equipment from the premises, the defendant Consolidated Holding Company has appealed.

Appellant assigns error upon the ruling of the court to the effect that the six-year statute of limitations applied, rather than the three-year statute; upon the refusal of the trial court to enter judgment in appellant's favor, or to grant appellant's motion for a new trial; and upon the entry of judgment in favor of respondent.

The case is before us upon the findings of fact and conclusions of law only, the record containing no statement of facts or bill of exceptions.

In its reply brief, appellant has moved to strike from the records and files a supplemental transcript, which appellant assumes was filed herein on behalf of respondent. As no such supplemental transcript appears in the record, we cannot discuss or rule upon this motion.

In addition to finding facts as hereinabove stated, the trial court found that appellant was, and at all times since April 30, 1932, had been, the owner of the land and building in which the elevator was located, findings Nos. 9, 10, 11 and 12 reading as follows:

"(9) That the conditional sales contract as aforementioned between plaintiff's assignor and Independent Bakery Inc. was duly forfeited under the terms of said contract, but that said contract was never assumed

by the defendant, Consolidated Holding Company. That said Consolidated Holding Company did not at any time make any payments thereon and has at all times since said date, to-wit, the 30th day of April, 1932, had said elevator in its exclusive physical possession and the said Consolidated Holding Company has at all times since the installation of said elevator paid all taxes thereon.

"(10) That on or about the 28th day of September, 1932, the defendant Consolidated Holding Company refused to surrender possession of said elevator described herein to said plaintiff. That said defendant, Consolidated Holding Company, refused to surrender said elevator. That at all times since the 30th day of April, 1932, the Consolidated Holding Company has been in physical possession of said elevator, and has continually used the same.

"(11) That the elevator can be removed without material damage to the building.

"(12) That the action was timely instituted within the six-year statute of limitation."

Respondent contends, and the trial court agreed with him, that the action is governed by that portion of the statute of limitations, Rem. Rev. Stat., § 157 [P. C. § 8162], which provides that "an action upon a contract in writing, or liability express or implied arising out of a written agreement," is barred unless commenced within six years. As above set forth, the trial court made an express finding to the effect that this action was timely instituted within the period of the statute just quoted. This so-called finding is merely a conclusion of law.

Appellant contends that the action falls within Rem. Rev. Stat., § 159 [P. C. § 8166], subd. 2, which reads as follows:

"An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated."

From the findings as made by the trial court, it appears that appellant purchased the property at sheriff's sale April 30, 1932, and received a sheriff's deed May 10, 1933; that appellant took possession of the premises April 30, 1932, and at all times since that date has had the elevator in question in its exclusive physical possession, and has continuously used the same. The trial court also specifically found that, on or about September 28, 1932, appellant refused to surrender possession of the elevator to respondent, *supra*.

In his amended complaint, respondent alleged his ownership of the elevator, the contract of conditional sale between respondent's assignor and the bakery, pleading the contract with particularity; that, on or about April 30, 1932, through court proceedings, appellant became the owner, or reputed owner, of the building, taking title to the building subject to respondent's interest in the elevator; and that appellant has refused to permit respondent to remove the elevator and accessories from the building, claiming some right, title, or interest therein. Respondent did not allege that any contractual relation ever existed between respondent and appellant, and the trial court expressly found that the contract was forfeited; that the same was never assumed by appellant; and that appellant never made any payments thereon. The bakery was named as a party defendant to the action, but it does not appear that process was ever served upon that defendant, and the judgment does not recite that the bakery was ever served with summons, or that it appeared in the action.

█ Appellant, by its answer to the amended complaint, tendered the issue that respondent's action was barred by the statute of limitations, this defense being denied by respondent in his reply. Respondent's action was to recover specific property and, in effect, to quiet its title to the elevator. By way of incidental

relief, respondent sought to bar the defendants in the action from asserting any right, title, or interest thereto, and to restrain appellant from interfering with respondent in the removal of the elevator from the building. As against appellant, the action was not one founded upon, or arising out of, a written instrument. While respondent's ownership of the elevator was essential to the establishment of his cause of action, the length of time during which respondent had owned the elevator under a written instrument, or otherwise, was immaterial.

The trial court found that the contract of conditional sale had been forfeited. The elevator was respondent's property, and in the absence of the establishment of some affirmative defense by appellant, respondent, within an indefinite period, could maintain an action for recovery of possession of its property.

Appellant interposed the defense that the action had not been commenced within the time limited by law, and the trial court specially found, as above stated, that appellant, on or about September 28, 1932, refused to surrender possession of the elevator to respondent.

As above noted, appellant, in its answer, by its second affirmative defense, pleaded that it had acquired ownership of the elevator by adverse possession. There is no finding covering this claim on the part of appellant, the findings being silent as to whether appellant ever asserted any claim to the elevator prior to the time it filed its answer, the findings going no further than to show that appellant, since April 30, 1932, has been in physical possession of the elevator and has continually used it.

The trial court erred in concluding that the six-year statute of limitations controlled the rights of the parties to this appeal, as, in so far as the controversy between them was concerned, respondent's rights were not

based upon a contract in writing, or any liability express or implied arising out of a written agreement.

Respondent is entitled to prevail, unless appellant's plea of the statute of limitations, based upon Rem. Rev. Stat., § 159, subd. 2, is well taken. It is not necessary upon this appeal to determine whether this section of the statute of limitations may be invoked merely as a defense to respondent's action, or whether appellant must prove its title by adverse possession, or otherwise, in accordance with its plea. The findings before us do not form sufficient basis upon which to determine this question, particularly in so far as appellant's claim of title by adverse possession to the elevator is concerned.

In any event, as the trial court decided the case upon the wrong theory, the judgment appealed from should be reversed, and the cause remanded for further consideration by the trial court.

This procedure finds support in several of our prior decisions. In the case of *McNeff v. Capistran,* 120 Wash. 498, 208 Pac. 41, this court referred to Rem. Rev. Stat., § 1737 [P. C. § 7322], relative to the appellate powers of this court, saying:

"This court is empowered on an appeal to affirm, reverse, or modify the judgment appealed from, or direct the proper judgment to be entered, or direct a new trial, or direct the further proceedings to be had. As the evidence is insufficient on which to base an order for a proper judgment, there is no recourse other than to remand the cause for further hearing."

In the case of *State v. Starr,* 185 Wash. 18, 52 P. (2d) 897, this court held that the respondent had misconceived the nature of its cause of action; that the real issue had not been presented to the court; and that the case should be retried upon the correct theory.

In the case at bar, it is not necessary to direct that

a new trial be granted, but it is ordered that the judgment appealed from be reversed, and the cause remanded with directions to the trial court to make findings upon the question of appellant's defense under the three-year statute of limitations. The trial court may reopen the case and take such further evidence as may be offered and tend to throw any light upon this phase of the litigation. Appellant will recover its costs in this court.

BLAKE, C. J., GERAGHTY, SIMPSON, and JEFFERS, JJ., concur.