[No. 80-40748-1.    Division One.    December 8, 1969.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. JO ANN BAKER, *Appellant*.

*Jack Tanner, for appellant.*

*Charles O. Carroll, Prosecuting Attorney,* and *C. N. Marshall, Deputy,* for respondent.

STAFFORD, J.—Jo Ann Baker ·and Ophelia Catlett were tried jointly by the trial court and each was convicted of second degree assault. Jo Ann Baker appeals.

Her sole assignment of error is the trial court's denial of the motion for a new trial. She contends she was denied a jury trial authorized by the Washington Constitution, article 1, section 21; the United States Constitution, amendments 6 and 14; and RCW 10.49.020. The basis of her assertion is that she did not knowingly, freely and voluntarily waive her right to a trial by jury, and that nothing in the record disproves her contention.

The joint cases were called for trial assignment in the presiding judge's department on July 8, 1968. Both defendants were represented by the same attorney. He is both competent and experienced in criminal matters.

The cases were assigned for trial on the same day. A preliminary hearing was held by the trial court, following which defense counsel asked for a recess to confer with his clients. During the recess the court reporter left the room. Several matters which took place in her absence, and shortly after her return, do not appear in her notes.

At the conclusion of the recess, court and counsel proceeded to trial without a jury. Both defendants were found guilty of second degree assault.

Thereafter, Miss Baker retained her present attorney who moved for a new trial. The principal basis for the motion was the hiatus in the court reporter's notes which failed to disclose a waiver of jury trial by Miss Baker.

The trial court held a fact-finding hearing on the motion. The evidence disclosed the clerk's minutes indicate both defendants waived separate trials and trial by jury while in the presiding judge's department. Although there was some testimony that Miss Baker was not present at the time, affidavits of the deputy prosecuting attorney and Miss Baker's trial attorney state she waived her right to a jury trial while in the presiding judge's department. The affidavits further reflect that following the preliminary hearing her attorney consulted with her and explained her right to a jury trial, after which she reaffirmed her waiver of jury trial. The trial judge distinctly recalled having asked each defendant whether she understood her right to a trial by jury and that she was waiving the same. Both had replied in the affirmative.

The trial court entered findings of fact, conclusions of law and denied the motion for new trial. In essence, the findings of fact state that Miss Baker was represented by an attorney; that she freely and voluntarily waived her right to a jury trial; and that she did so both at the time of her appearance before the presiding judge and in open court at the time of the pretrial hearing.

■ Defendant Baker has not assigned error to the findings of fact. Thus, we must accept them as verities. *Riley v. Rhay*, 76 Wn.2d 32, 454 P.2d 820 (1969); *Seattle v. Evans*,

75 Wn.2d 225, 450 P.2d 176 (1969). We are left with no alternative but to conclude that Miss Baker was informed of her right to a trial by jury and that she freely and voluntarily waived that right.

The granting or denying of a motion for a new trial rests within the sound discretion of the trial court. The court's ruling will not be disturbed without a clear showing of abuse. *State v. Wilson,* 71 Wn.2d 895, 431 P.2d 221 (1967); *State v. Marks,* 71 Wn.2d 295, 427 P.2d 1008 (1967). We find no abuse of discretion and the defendant has claimed none by way of assigned error.

The trial court is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied January 29, 1970.