[No. 218-40995-1.    Division One.    May 4, 1970.]
Panel 1

LELAND F. GOTCHER *et al., Respondents,* v. MARIANN L. ROWELL *et al., Appellants.*

*Warner, Pierce & Peden* and *Leo J. Peden,* for appellants.

*Hohlbein, Church, Sawyer & VanDerhoef* and *James D. Sawyer,* for respondents.

FARRIS, J.—The plaintiffs, Leland and Marcelle Gotcher, were seriously injured when their truck collided with a car driven by Mariann Rowell and owned by her parents Glenn and Marion R. Decker. It was admitted that the daughter was at fault. Damages were stipulated in the amount of $20,000.

The plaintiffs sought judgment against the Deckers and Rowells. The trial court granted judgment against all defendants. The Deckers have appealed.

■ The question is whether the trial court properly applied the family car doctrine. The appellants assigned error to none of the findings of fact of the trial court. They are therefore verities on appeal. *State v. Baker,* 1 Wn. App. 420, 462 P.2d 254 (1969); *Pier 67, Inc. v. King County,* 71 Wn.2d 92, 426 P.2d 610 (1967); *Grip v. Buffelen Woodworking Co.,* 73 Wn.2d 219, 437 P.2d 915 (1968). Our review is limited to a determination of whether those findings support the conclusions of law and the judgment. We cannot consider whether the findings are supported by substantial evidence in the absence of an assignment of error.

■ The family car doctrine applies when (1) the car is owned, provided or maintained by the parent (2) for the customary conveyance of family members and other family business (3) and at the time of the accident the car is being driven by a member of the family for whom the car is maintained, (4) with the express or implied consent of the parent.

The trial court found as a fact that the automobile driven

by defendant Mariann L. Rowell was owned by her mother, Marion R. Decker and her father Glenn Decker (finding of fact 1); that Mrs. Rowell believed that the use of the car was supported by her relationship to her mother and by the fact that the errand was a service to her mother as well as herself in the care of the children (finding of fact 5); that Mrs. Rowell was neither socially nor economically independent of her mother on July 1, 1966, but was a member of the Decker household as that term is commonly used (finding of fact 6); and that the use of the Decker car by Mariann L. Rowell on the afternoon of July 1, 1966, was for the benefit of the Decker household as it was then composed, and that the use of the car was with the implied consent of Marion Decker (finding of fact 7).

Whether the automobile was (1) owned by the parent (2) for the customary conveyance of family members and other family business (3) and at the time of the accident the car was being driven by a member of the family for whom the car was maintained, (4) with the express or implied consent of the parent are factual determinations. The trial court considered each question and made a factual finding in favor of the plaintiffs.

Our review is limited to a determination of whether the conclusions of law and judgment are supported by the trial court's findings of fact. We must answer that question in the affirmative.

Affirmed.

JAMES, C. J., and SWANSON, J., concur.