[No. 2701-1.   Division One.   March 3, 1975.]

KENNETH E. RILEY, *Respondent*, v. GERALD STURDEVANT *et al.*, *Defendants*, TELE-VUE SYSTEMS, INC., *Appellant.*

*Riddell, Williams, Voorhees, Ivie & Bullitt* and *Stimson Bullitt,* for appellant.

ANDERSEN, J.—

FACTS OF CASE

Following a previous appeal to this court, an $18,000 judgment was entered by the trial court in favor of the plaintiff Riley. That judgment based on a finding of conversion, was against all of the other parties in the case who were the defendants below. The defendant, Tele-Vue Sys-

tems, Inc., is the sole appellant from that money judgment.

The plaintiff Riley was one of the owners of a cable television franchise in Auburn, Washington. He sued multiple parties defendant, including Green River Cablevision, Inc., and Tele-Vue Systems, Inc., claiming they converted his interest in the franchise.

In a trial to the court, the court found as a fact that on May 1, 1969, all of the defendants had converted Riley's inerest in the franchise. A judgment was then entered which required Green River Cablevision, Inc., to issue a certificate for 12 shares of its common stock to Riley. Those 12 shares were 12 percent of Green River's outstanding capital stock. The only portion of that first judgment which related to Tele-Vue was the obligation imposed on it in common with all of the other defendants, to pay certain of Riley's statutory costs.

The first appeal to this court was by plaintiff Riley. It was brought on the ground that he felt entitled to a money judgment rather than an award of shares of stock. Tele-Vue was included as a respondent in the first appeal. Neither Tele-Vue nor any of the other respondents filed a cross-appeal.

On that appeal, we agreed with the contention of the plaintiff Riley and held that Riley was entitled to recover a money judgment for the fair market value of 12 percent of the capital stock of defendant Green River Cablevision, Inc., on May 1, 1969. The case was thereupon remanded to the trial court. 7 Wn. App. 1016 (1972).

On remand, the trial court conducted a further hearing which resulted in the entry of additional findings to the effect that the value of Riley's 12 shares of stock in Green River Cablevision, Inc., on the May 1, 1969, conversion date was $18,000. A finding was also made that Riley was entitled to a judgment in that amount against all of the defendants in the case.

Judgment for $18,000 and costs was thereupon entered against all defendants.

Only Tele-Vue has appealed from that second judgment, and only Tele-Vue has filed an appellate brief or presented oral argument on this second appeal. Through its new counsel, Tele-Vue has also filed a transcript with this court though not a statement of facts.

## ISSUES

ISSUE ONE. Does this court have jurisdiction to hear the appeal?

ISSUE TWO. No statement of facts having been filed, does this court have a sufficient record to enable it to adjudicate this appeal?

ISSUE THREE. What is the scope of appellate review where only the appellant has filed a brief and presented oral argument in this court?

ISSUE FOUR. This being a second appeal, is this court bound by the trial court's conclusion of law entered prior to the first appeal, that defendant Tele-Vue was one of several defendants which converted plaintiff's property?

ISSUE FIVE. Do the trial court's findings of fact sustain plaintiff's money judgment against defendant Tele-Vue?

## DECISION

ISSUE ONE.

CONCLUSION. This court has jurisdiction to hear and determine this case.

■ We have but a limited record before us. The jurisdiction of the court to consider a case must appear on the face of the record. 4 Am. Jur. 2d *Appeal and Error* § 495 (1962). Even in the absence of a contest, where there is a question as to jurisdiction, this court has a duty to itself raise the issue. *Dux v. Hostetter*, 37 Wn.2d 550, 555, 225 P.2d 210 (1950); *Ullom v. Renton*, 5 Wn.2d 319, 321, 105 P.2d 69 (1940).

The filed transcript contains the judgment appealed from. The record also establishes that notice of appeal from the money judgment was timely filed. That is sufficient to give us jurisdiction of the appeal. CAROA 32.

Proof of service of the notice of appeal was not filed. The record does, however, contain proof of service of brief of appellant on other counsel in the case. In addition, written notice of the pendency of the appeal has been given by the clerk of this court to counsel. Under these circumstances, and absent any challenge having been made to the notification of the pendency of this appeal, further proof of service of the notice of appeal is not required. CAROA 33(8).

ISSUE TWO.

CONCLUSION. The record before us is sufficient in view of the limited issues raised on appeal.

■ The assignments of error on this appeal go to the adequacy of the findings of fact to support the money judgment against Tele-Vue. The findings of fact, conclusions of law and judgment entered by the trial court are in the transcript as filed. That is sufficient. A statement of facts is required only when necessary to consider the questions presented. *State v. Womack*, 82 Wn.2d 382, 384, 510 P.2d 1133 (1973). A statement of facts is not necessary to enable this court to consider the question of whether the findings of fact support the judgment as here. *Sweeney v. Sweeney*, 47 Wn.2d 169, 170, 286 P.2d 719 (1955).

ISSUE THREE.

CONCLUSION. The scope of our review in this case is limited to determining if appellant has made out a prima facie case of error.

■ Respondents have not filed briefs in this court or presented oral arguments for what are doubtless good reasons in their judgment or in the judgment of counsel. In such situations, it is not appropriate for this court to assume the role of advocate for respondents in addition to being arbiter of the case and we will not do so. Neither would it be in accord with the traditions of this court to reverse out of hand as some courts do in like circumstances. The rule this court has adopted in such cases is to limit our review to determining if appellant has made out a prima facie case for error and if it has, we will reverse and determine the

812

nature of the remand. *Aquarian Foundation v. KTVW, Inc.,* 11 Wn. App. 476, 478, 523 P.2d 969 (1974).

ISSUE FOUR.

CONCLUSION. Although this is a second appeal, the law of the case doctrine does not here preclude the right to question a conclusion of law entered by the trial court prior to the first appeal.

Tele-Vue takes the position that it had no obligation to file a cross-appeal when this case was first before this court in order to preserve its right to later question the trial court's conclusion of law that Tele-Vue had been guilty of conversion. It argues in support of this that since the first judgment only required it to pay costs, it was not at that time an aggrieved party. It further argues that the posture of the case on the first appeal was such that Tele-Vue had no duty to then anticipate the risks involved in the event of a reversal and further proceedings in the trial court.

■ Without passing on the merits of those contentions, it is clear that since this court's prior opinion did not discuss or decide the propriety of the trial court holding that Tele-Vue had converted plaintiff's property, it is not now barred by the law of the case doctrine from so doing. *Junkin v. Anderson,* 21 Wn.2d 256, 257, 150 P.2d 678 (1944).

ISSUE FIVE.

CONCLUSION. It is our opinion that Tele-Vue has met its burden of establishing that the trial court's findings of fact do not sustain its conclusion of law that Tele-Vue was guilty of conversion or the money judgment which Tele-Vue here appeals from.

■ As Tele-Vue correctly points out, the trial court's findings establish that Tele-Vue's entire interest in the cable television enterprise was assigned to one of the other defendants on January 1, 1969, and that the conversion did not occur until 4 months later, on May 1, 1969. Where a conclusion of law is not consistent with the findings, the findings control. *Kane v. Klos,* 50 Wn.2d 778, 789, 314 P.2d 672 (1957).

Tele-Vue's brief filed with this court contains numerous citations to the record and to legal authorities by way of making out its case that there is no further or other basis for the $18,000 money judgment rendered against it. By its showing, Tele-Vue has met its burden of establishing a prima facie case of error, and under the rule of *Aquarian Foundation v. KTVW, Inc.,* is entitled to a reversal.

The December 3, 1973, money judgment appealed from is reversed as to defendant Tele-Vue Systems, Inc. We remand to the trial court with instructions to dismiss the December 3, 1973, judgment as to this defendant only.

WILLIAMS, C.J., and CALLOW, J., concur.