[No. 3433-1.    Division One.    September 27, 1976.]

JAMES R. LEES, ET AL, *Appellants*, v. GEORGIA L. WARDALL,
ET AL, *Respondents*.

*Norman, Magee & Loreen* and *Maryalice Norman*, for
appellants.

*Breskin, Rosenblume & Robbins* and *Rodney G. Pierce*,
for respondents.

ANDERSEN, J.—

FACTS OF CASE

This appeal is brought by tenants from an order dismiss-
ing their forcible entry action against a former landlord.

The case was tried to the court. The trial court's findings
of fact are not controverted and are, therefore, the law of
this case. They establish the following.

The Lees family (hereinafter the tenants) occupied a
house belonging to Georgia L. Wardall (hereinafter the
landlord) on a month-to-month tenancy.

The tenants started to move out but before they left, the
landlord, for some reason not clarified by the sparse record

before us, removed the door and later broke into the house. Certain damages were caused to the tenants by such actions.

The tenants thereupon filed a forcible entry action against the landlord. The tenants were in possession of the premises at the time they filed the action. They thereafter moved out and filed an amended forcible entry complaint. In their complaints, the tenants did not seek a writ of restitution or otherwise ask to recover possession of the property; and in the complaints served on the defendants, as the trial court found, they employed the special statutory summons authorized by statute in forcible entry cases.

Based on such findings, the trial court concluded that since the tenants at no time sought possession of the property they had been renting, they had no right to bring a forcible entry action; and, further, that the use of the special statutory summons did not give the court jurisdiction to grant any other relief in that action.

The trial court thereupon entered its order providing that the tenants' "complaint be dismissed as to bringing an action under RCW 59.12 . . ." The tenants appeal the dismissal.

Two issues are presented.

## ISSUES

ISSUE ONE. No statement of facts or complete transcript having been filed, does this court have a sufficient record before it to enable it to adjudicate this appeal?

ISSUE TWO. Can parties who do not seek to recover possession of property bring a statutory forcible entry action?

## DECISION

ISSUE ONE.

CONCLUSION. The record before us is sufficient to review the limited issue raised by this appeal.

The only record this court has before it is a transcript containing selected documents from the superior court file. Included, however, are the trial court's findings of fact, conclusions of law and judgment, and order of dismissal.

A statement of facts is only required when neces-

sary to consider the questions presented. *State v. Womack*, 82 Wn.2d 382, 384, 510 P.2d 1133 (1973); *Riley v. Sturdevant*, 12 Wn. App. 808, 811, 532 P.2d 640 (1975).

A statement of facts is not necessary to enable this court to consider whether the findings of fact support the judgment. *Sweeney v. Sweeney*, 47 Wn.2d 169, 170, 286 P.2d 719 (1955). *Riley v. Sturdevant, supra.* Neither is a statement of facts necessary to determine whether the findings of fact support the conclusions of law. *Fisher v. World-Wide Trophy Outfitters*, 15 Wn. App. 742, 743, 551 P.2d 1398 (1976).

The record before us is, therefore, sufficient to review the limited issue here presented.

ISSUE Two.

CONCLUSION. A forcible entry action is a summary statutory proceeding in derogation of the common law. It cannot be brought unaccompanied by a claim to recover possession of real property.

It is clear that the tenants did not inadvertently file this action as a forcible entry case, but chose their ground, as it were. Their brief of appellants concedes that the appeal "arises from a statutory forcible entry complaint (RCW Title [sic] 59.12)" and that they "did not ask in their complaint to have the possession of the house restored to them . . ." They also point to the landlord's misconduct and argue that "[u]nder such circumstances it is ludicrous to suppose that the tenants would ask for restitution of the premises where they had been so badly treated."

The issue before the trial court as well as before this court is not whether wrongs done to the tenants by the landlord are actionable, but whether the tenants had grounds on which to base a statutory forcible entry action. Neither did the trial court's judgment and order of dismissal preclude the tenants from then bringing suit against the landlord under one of the available common-law forms of action for damages. The trial court's dismissal by its terms went only to actions brought under RCW 59.12, which includes forcible entry actions. Whether the tenants saw fit to bring a common-law action against the landlord

following the entry of the order of dismissal does not appear from the record before us.

There are a number of very practical reasons why a tenant would prefer to proceed against a landlord by a forcible entry action rather than by a common-law action, such as trespass.

For example, in a forcible entry action, a tenant is entitled to expedited procedures (RCW 59.12.070-.100), trial precedence over all other civil actions (RCW 59.12.130), and double damages in the event the tenant prevails (RCW 59.12.170). Additionally, in a forcible entry action a tenant does not have to prove that he or she has a right to possession at all, but only that the tenant was in actual possession at the time the conduct complained of occurred. *Priestley Mining & Milling Co. v. Lenox Mining & Dev. Co.*, 41 Wn.2d 101, 103, 247 P.2d 688 (1952). This contrasts with the ordinary trespass action where the landlord has available such defenses as ownership and the right to possession. *Thomsen v. State*, 70 Wn.2d 92, 97, 422 P.2d 824 (1966).

But in order for a tenant to qualify for the benefits that a forcible entry cause of action provides, the tenant must first establish grounds for bringing such an action in the first instance.

To put this issue into its proper context, we note as Judge Towne explains in his landmark practice text, that "[t]here are four distinct situations, covered by statute, where relief is given for unlawful *possession* of real estate." (Italics ours.) 1 V. Towne, Wash. Prac. § 361 (1956). These he outlines as: (1) forcible entry (RCW 59.12.010); (2) forcible detainer (RCW 59.12.020); (3) unlawful entry and detainer (RCW 59.16.010); and (4) unlawful detainer (RCW 59.12.030). 1 V. Towne, Wash. Prac. §§ 362-65 (1956).

It should also be noted preliminarily that although forcible entry and forcible detainer are separate wrongs, they are generally referred to in both common usage and appellate opinions by the single phrase, "forcible entry and detainer." 35 Am. Jur. 2d *Forcible Entry and Detainer* § 1 (1967).

█ .Forcible entry actions, as with those for forcible detainer, were unknown at common law and in derogation of it. They are provided for in summary statutes and are strictly. possessory in nature. *Huston v. Big Bend Land Co.,* 106 ·Wash. 130, 136, 179 P. 101 (1919); 35 Am. Jur. 2d *Forcible Entry and Detainer* § 5, at 894 (1967); 36A C.J.S. *Forcible Entry and Detainer* § 3, at 961 (1961).

As expressed by our State Supreme Court:

"The action of forcible entry and detainer is a summary proceeding to recover possession of premises forcibly or unlawfully detained. The inquiry in such cases is confined to the actual, peaceable possession of the plaintiff, and the unlawful or forcible ouster or detention by defendant—the object of the law being to prevent the disturbance of the public peace, by the forcible assertion of a private right."

*Gore v. Altice,* 33 Wash. 335, 338, 74 P. 556 (1903). That court held in another forcible entry and detainer case that, as to the plaintiff's claim,

[a]ny claim she may have had for damages could be waged in this summary action only as an incident to her right to possession. The right to damages is a personal one, and when unaccompanied with the right to recover possession, must be waged in an ordinary civil action.

*Stevens v. Jones,* 40 Wash. 484, 486, 82 P. 754 (1905).

The rule is similarly expressed in 36A C.J.S. *Forcible Entry and Detainer* § 58, at 1028 (1961):

If there is no claim to recover possession or no recovery of possession, there can be no award of damages, a claim for which must be asserted in an ordinary civil action.

Thus it is that a forcible entry action is a summary statutory proceeding in derogation of the common law and cannot be brought, as the tenants here sought to do, unaccompanied by a claim to recover possession of real property.

Furthermore, this action was commenced by the special statutory summons authorized in forcible entry, forcible detainer and illegal detainer cases. RCW 59.12.070-.080. In a long line of unlawful detainer cases brought under the

special statutory procedures of RCW 59.12 by landlords against tenants, the law has become well established. That is, where proceedings are commenced using the special summons, the court obtains jurisdiction of the parties for only the limited statutory purpose of determining possession and damages sustained in that connection; and the court cannot transform such special proceedings into an ordinary law suit or grant relief therein as though the action were a general proceeding. *Little v. Catania*, 48 Wn.2d 890, 893, 297 P.2d 255 (1956); *Young v. Riley*, 59 Wn.2d 50, 52, 365 P.2d 769 (1961); *Sundholm v. Patch*, 62 Wn.2d 244, 245, 382 P.2d 262 (1963); *Tuschoff v. Westover*, 65 Wn.2d 69, 73, 395 P.2d 630 (1964); *Pine Corp. v. Richardson*, 12 Wn. App. 459, 462, 530 P.2d 696 (1975); *Kessler v. Nielsen*, 3 Wn. App. 120, 123, 472 P.2d 616 (1970). This same rule applies equally to unlawful entry actions commenced by tenants against a landlord, as here, since the special summons used is authorized by the same statutes, RCW 59.12.070-.080.

In the present case, the trial court had only two choices. It could give judgment to the tenants on their forcible entry cause of action or it could dismiss that action. *Sundholm v. Patch, supra.* Since the tenants did not seek possession, as they had to do in order to maintain a forcible entry action, the trial court did not err when it dismissed their forcible entry suit.

Affirmed.

SWANSON and CALLOW, JJ., concur.