[No. 35654-2-I.   Division One.   May 28, 1996.]

*In the Matter of the Marriage of* PAYNE.

TERESA M. PAYNE, *Appellant*, v. DOUGLAS R. CARON, *Respondent.*

*Matthew S. Elich* and *Nelson, Brinson & Elich, P.S.*, for appellant.

*Rolf G. Beckhusen, Jr.*, for respondent.

BAKER, C.J. — Teresa Payne appeals the modification of a parenting plan and a temporary order of child support. She also purports to challenge the final order of child support entered on a later date. She argues that the court erred by (1) changing the child's primary scheduled residence pursuant to a motion for minor modification of the parenting plan, (2) failing to consider the father's past income in computing child support, and (3) "deviating" from the father's past income without supportive findings and conclusions. We hold that the court erred when it changed the child's primary scheduled residence, but that the mother has failed to demonstrate error in the calculation of child support.

## FACTS

The parties' marriage was dissolved in 1990. They have

one child born in 1987. The original parenting plan scheduled the child to reside with the father from Tuesday afternoon through Friday afternoon, and with the mother from Friday afternoon to Tuesday morning. The intervening time at daycare on Tuesday was considered a neutral period, although the parenting plan allowed either parent to spend time with the child when she was scheduled to attend daycare. The de facto primary parent changed from time to time according to the parties' circumstances, but the residential schedule remained constant until the modification appealed here.

The mother moved for minor modification of the decree under RCW 26.09.260(4)(b) after she and the child relocated from Bellingham to Seattle. During the proceedings, the father received a transfer from his employer and moved to an apartment close to the mother's new home. In light of the father's active participation in the child's schooling, the trial court ordered a "minor" modification in the plan scheduling the child with him during the school week from Monday afternoon to Friday afternoon, and with the mother from Friday afternoon to Monday afternoon. The court also extended the father's scheduled time until Sunday morning one weekend per month to accommodate his new work schedule. The mother received three additional weeks in the summer to partially compensate for time lost under the new plan.

The trial court entered a temporary order of child support on November 8 using the father's projected income at his new job, rather than his earnings history from his former position. The court directed the parties to exchange financial information at the end of November so that it could enter a more accurate support order on December 9. Only the temporary order contained findings of fact and conclusions of law.

## I

The mother argues that the trial court erred when it

changed the child's primary scheduled residence in the context of a motion for minor modification. Alternatively, she argues that the father's relocation to an apartment near her home rendered the need for modification moot. We agree with the first contention, but hold that the motion for minor modification was not moot because the father experienced a significant change in work schedule due to his relocation.

The primary question posed is one of first impression. Does the minor adjustment provision found at RCW 26.09.260(4)(b) allow a court to change the child's primary scheduled residence based on difficulties flowing from one parent's change in residence or work schedule? The structure of the provision makes it unclear whether revisions based on a parent's move or schedule are subject to the "no change in primary residence" limitation.[1] Any ambiguity is resolved, however, when the provision is read in conjunction with remaining sections of the statute.

The Parenting Act[2] focuses on the importance of stability in the child's relationships with its parents.[3] The Act therefore provides for the creation of a residential schedule in the parenting plan, and regulates its alteration by providing limited bases for modification.[4] Major modifications are reserved for more substantial alterations of the parenting plan. While the language does not

---

[1]The statute provides for minor modification if the modification:

(i) Does not change the residence the child is scheduled to reside in the majority of the time; and

(ii) Does not exceed twenty–four full days in a calendar year or five full days in a calendar month; or

(iii) Is based on a change of residence or an involuntary change in work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow.

(Emphasis added.) RCW 26.09.260(4)(b).

[2]RCW 26.09.

[3]RCW 26.09.002.

[4]RCW 26.09.187(3); RCW 26.09.260.

explicitly restrict changes in the child's primary residence to occasions where major modification is warranted, that is clearly the result contemplated by the statute. For example, the statute permits major modifications in the residential schedule when the child is integrated into the family of the petitioner with the other parent's consent, the child's present environment is detrimental, or the nonmoving parent interferes with the other's right to spend time with the child.[5] If a change in primary residence is a major modification, it would not be consistent to interpret the statute to permit such changes pursuant to a motion for minor modification. Because the principles of statutory construction require us to harmonize various statutory provisions and to avoid absurd results, we hold that the trial court erred.

We reject the father's argument that the alteration in schedule did not constitute a change in primary residence because he was already the de facto primary residential parent. He was not the de facto primary residential parent at the time of the hearing, and, in any event, the proper inquiry under the statute is who is the primary *scheduled* residential parent.[6] The trial court determined that the mother was the primary parent with whom the child was scheduled to reside at the time of the hearing, and the father does not cross appeal that finding.

## II

When computing the father's income for the temporary child support order, the court chose not to rely on his past earnings of $1,800 per month because it would unfairly penalize him for relocating to be near his daughter. Instead, the court calculated an actual income of $1,173.08 and imputed additional income to arrive at a figure of $1,500 per month. The court did not explain the sources or methods used in these calculations in its findings of

---

[5]RCW 26.09.260(2).

[6]RCW 26.09.260(4)(b)(i).

fact. It appears, however, that the court relied on affidavits from the father's employer supplying his anticipated hourly wage and work schedule. These figures yield a monthly salary consistent with the trial court's estimate of $1,500.

The mother argues that (1) the court was required by statute to consider past earnings, and (2) the amount it chose was an improper deviation lacking factual support and findings and conclusions. First, the mother contends that the court's decision to ignore the father's past income violated RCW 26.19.071(2) and Whatcom County local rule WCSPR 94.04. The statute requires only that the parties provide tax returns and pay stubs so that the court may verify the amounts contained in the child support worksheets.[7] We see no additional requirement in the Whatcom County rule. When calculating the initial support obligation, a court may consider all relevant factors, including current and future income.[8] Because the father's income changed, his past earnings were no longer of primary relevance, and the court made no determination of voluntary underemployment. The decision to rely on future earnings in this case was not error. Second, we disagree with the mother's characterization of the trial court's ruling as a deviation. The court set support based on its standard calculation under the statutory schedule.

### III

The mother further challenges the court's final child support order for its failure to consider past income. Although we rejected this argument when applied to the temporary order, we do not reach the merits here because the issue is not properly before us. First, the mother does not assign error to the final order. Second, she did not amend her notice of appeal to reflect her challenge of the

---

[7]*See* RCW 26.19.071(2).

[8]*In re Marriage of Correia*, 47 Wn. App. 421, 424, 735 P.2d 691 (1987) (allowing consideration of anticipated veterans' disability payments).

final order. Finally, the record is inadequate for review as the mother provided no record of the proceedings relating to entry of the order. The record also contains no findings, conclusions, or worksheets regarding the final order even though the trial court used figures different from those contained in the temporary order.

The father likewise purports to challenge the final support order, arguing that the court improperly deviated from the mother's support obligation there. Because the father filed no cross appeal, that issue is also not before us.

## IV

We reverse and remand for entry of an order consistent with our decision.

AGID and ELLINGTON, JJ., concur.