IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WINFRED DONELL SMITH, II, | No. 83922-5-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MICHELINA DE SIMONE, | |
| Respondent. | |

COBURN, J. — Michelina De Simone filed a petition against Winfred Smith II to divide property of a committed intimate relationship (CIR), and, in a separate action, a petition to establish parentage, which included a request to enter a parenting plan and to dissolve the CIR. On the day of trial of both matters, Smith did not appear in court and was unreachable. We previously affirmed the court's finding of a CIR and division of assets. Now, in this separate appeal from the same trial, we affirm the court's parenting plan, child support and restraining orders.

STATEMENT OF THE CASE

De Simone and Smith started dating in 2008, cohabitating in 2012 until September 2020. In re Matter of Simone v. Smith, No. 83923-3-I, slip op at 1 (Wash. Ct. App. Feb. 5, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/839233.pdf. In May 2019 the couple had a pair of twins.

De Simone filed a petition for a parenting plan and child support in November 2020. The next day, she moved for temporary orders for child support and a restraining order. She obtained an ex parte immediate restraining order against Smith.

Smith filed a pro se response to the motion for temporary orders. He submitted a proposed parenting plan, a child support worksheet, financial declaration, and his employee pay stubs. He requested the court appoint a guardian ad litem (GAL). At the January 2021 hearing on the temporary orders, both parties appeared with counsel. The court granted De Simone's request for a temporary restraining order against Smith. Based on the financial information submitted by the parties, the court ordered Smith to pay $1,238.52, a temporary monthly child support. The court also granted Smith's request for a GAL. The GAL was directed to investigate and file a report regarding all issues related to a parenting plan, domestic violence of both parties, substance abuse of both parties and any other issues discovered that could affect the safety of the children.

The GAL investigated instances of domestic violence alleged by both parties, including a May 2, 2021 altercation at a restaurant between Smith and De Simone's father while he held one of the twins. Smith and De Simone gave conflicting accounts, but a bystander who witnessed the incident gave a statement to police that supported De Simone's claim that Smith had assaulted her father while he held one of the twins and then grabbed the twin. The GAL filed his report nine days later. The GAL recommended anger management evaluations for both parties, but that Smith also should receive a domestic violence evaluation and that his visitations with his children should be supervised.

<u>Trial</u>

The trial started on January 3, 2022. De Simone, her counsel and the GAL were present, but Smith, who was again pro se at the time of trial, failed to appear.[1] At trial, the court admitted 16 exhibits, including the GAL report. Both De Simone and the GAL testified.

Following the one-day trial, the superior court entered a Final Order and Findings for a Parenting Plan, Residential Schedule and/or Child support; a parenting plan; a residential schedule; a restraining order; and a child support order. The court states it accepted the recommendations of the GAL, his testimony and the testimony of De Simone.

Smith appeals three of the five orders: Final Order and Findings for a Parenting Plan; parenting plan; and the child support order. Additional facts are set out below where relevant.

DISCUSSION

<u>Parenting Plan</u>

The court found Smith had a history of domestic violence as defined in Former RCW 26.50.010 (2019). The court also found that "[b]oth parties have a history of issues with anger management. Michelina De Simone completed an Anger Management course before trial that complies with the recommendation of the Guardian ad Litem and the Court does not impose any further requirements on the mother."

---

[1] Smith's attorney of record filed a notice of withdrawal on September 7, 2021, about a week after the court issued an order setting trial for January 3, 2022.

Under RCW 26.09.191,[2] the court restricted the father's residential time with the children and granted the mother major-decision-making authority because of the father's domestic violence charge.

Smith makes two arguments: (1) the court erred because the evidence supported finding that the parties engaged in mutual domestic violence, but the .191 restrictions only applied to Smith; and (2) insufficient evidence supported placing limitations under RCW 26.09.191(3)(g).

In reviewing the trial court's decision on parenting plans, the court uses an abuse of discretion standard of review. In re Custody of Halls, 126 Wn. App. 599, 606, 109 P.3d 15 (2005). It is an abuse of discretion if the decision is manifestly unreasonable. Id. "A decision is manifestly unreasonable if, based on the facts and the applicable legal standard, the decision is outside the range of acceptable choices." Id.

"Where the trial court has weighed the evidence, appellate review is limited to determining whether the trial court's findings of fact are supported by substantial evidence, and if so, whether the findings support the conclusions of law and the judgment." Sac Downtown Ltd. P'ship v. Kahn, 123 Wn.2d 197, 202, 867 P.2d 605 (1994). "Substantial evidence is evidence sufficient to persuade a rational, fair-minded person of the asserted premise." Young v. Thomas, 193 Wn. App. 427, 442, 378 P.3d 183 (2016) (citing State v. Homan, 181 Wn.2d 102, 106, 330 P.3d 182 (2014)). "The deference accorded under the substantial evidence standard recognizes that the trier of fact is in a better position than the reviewing court to evaluate the credibility and

---

[2] The applicable statute is former RCW 26.09.191(1) (2021), but because there are no relevant substantive changes in the current statute, we cite to the current statute. See LAWS OF 2021, ch. 215.

4

demeanor of the witnesses." Peterson v. Big Bend Ins. Agency, Inc., 150 Wn. App. 504, 514, 202 P.3d 372 (2009). We "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

First, we need not consider Smith's argument that insufficient evidence supported the court finding a basis for restrictions under RCW 26.09.191(3)(g)[3] because the court did not rely on that provision to place limitations. Under section 2.2 of the parenting plan where it lists "OTHER FACTORS (RCW 26.09.191(3))" as a possible basis for restrictions, the court stated "N/A."

Next, Smith does not challenge that substantial evidence supports the court's findings that he had a history of domestic violence. Instead, he appears to argue that the court erred by not placing .191 restrictions against the mother, and, thus, the parenting plan must be vacated. Smith fails to cite to authority that supports his assertion that the court was required to find both parents had a history of domestic violence or the parenting plan must be vacated. See DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). Though the GAL's report relayed Smith's claims of domestic violence against De Simone, the court was in the best position to determine how credible the claims were based on the evidence submitted. At the time of trial De Simone presented evidence that she completed an

---

[3] Under RCW 26.09.191(3), a "parent's involvement or conduct may have an adverse effect on the child's best interests, and the court may preclude or limit any provisions of the parenting plan, if any of the following factors exist," which then lists under subsection (g), "[s]uch other factors or conduct as the court expressly finds adverse to the best interests of the child."

anger management course. Notably, Smith did not appear at trial to present evidence, testify himself, or request .191 restrictions against De Simone. Also, Smith raises this argument about mutual domestic violence for the first time on appeal. See State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995) ("As a general rule, appellate courts will not consider issues raised for the first time on appeal."). An appellate court "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a); Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.2d 844 (2005).

### Child Support

Smith argues that the court erred in calculating his child support because the court relied on non-current income to determine his obligations.

We review a trial court's decision setting child support for abuse of discretion. In re Marriage of Fiorito, 112 Wn. App. 657, 663, 50 P.3d 298 (2002). Although past earnings may show an ability to earn, if the income of the obligor has significantly changed since those earnings, they are no longer of primary relevance and need not be used to determine the income of the obligor. Matter of Marriage of Payne, 82 Wn. App. 147, 152, 916 P.2d 968 (1996). However, "in the absence of records of a parent's actual earnings, the court shall impute a parent's income in the following order of priority: (i) Full-time earnings at the current rate of pay; (ii) Full-time earnings at the historical rate of pay based on reliable information, such as employment security department data." RCW 26.19.071(6)(a).

At trial, De Simone presented paystubs and financial declarations for both herself and Smith. In addition to presenting the evidence for Smith, she testified that she knew that Smith no longer worked at Boeing, but had no way of knowing or calculating his

current income.

The trial court did not have the current income level for Smith, but it did have documentation of Smith's previous income. Because Smith did not present evidence at trial of what his then-current income was, the court properly imputed his income based off of past earnings to determine child support. See RCW 26.19.071(6).

We decline to consider Smith's claim that De Simone reduced her income in order to increase child support because the issue was raised for the first time on appeal. See McFarland, 127 Wn.2d at 332-33. An appellate court "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a); Roberson, 156 Wn.2d at 39.

## Restraining Order[4]

Smith contends that the trial court erred in entering a restraining order protecting De Simone from him for a period of five years. Smith claims that the evidentiary record did not support the order because there was no evidence that he posed a "risk of continuing or significant harm to [De Simone]" and that there was no history of behavior permitting the entry of a restraining order for that period.

The court imposed the restraining order to protect De Simone and the children. The court found the "Restrained person represents a credible threat to the physical safety of the Protected Person." Smith does not challenge his restraint as to the children.

---

[4] The Final Order and Findings for a Parenting Plan, Residential Schedule and/or Child Support, includes a ruling approving a request for a restraining order. He also made the nature of his challenge clear in his opening brief. We, thus, exercise our discretion and consider the merits of his argument related to the restraining order. See State v. Olson, 126 Wn.2d 315, 323, 893 P.2d 629, 633 (1995) (citing RAP 1.2(a)).

Courts have broad statutory and equitable authority to impose and fashion restraining orders in dissolution proceedings. RCW 26.09.050(1); Blackmon v. Blackmon, 155 Wn. App. 715, 721-22, 230 P.3d 233 (2010). We review a trial court's decision to impose a restraining order for abuse of discretion. In re Marriage of Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Muhammad, 153 Wn.2d 795, 803, 108 P.3d 779 (2005) (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)).

The trial court was presented with evidence of De Simone reporting that in 2018 Smith had "strong armed" the door, pushing it into her face and knocking her backwards, which led to bleeding, a trip to a clinic and a scar on her forehead. She also reported that in 2019 after Smith had a fight with her parents, he woke her up in the middle of the night, grabbed her by the neck and threatened to kill her brother or her father. De Simone testified at trial that the May confrontation between Smith and her family had "escalated into violence." She said her family was celebrating her father's birthday when Smith appeared and assaulted her father while he was holding one of her children. De Simone also testified that after Smith was served with her request for permanent orders, he went to De Simone's house and took down the security cameras. The GAL also reported that Smith denied the reports of domestic violence and asserted that De Simone committed domestic violence against him. "A reviewing court may not disturb findings of fact supported by substantial evidence even if there is conflicting evidence." Merriman v. Cokeley, 168 Wn.2d 627, 631, 230 P.3d 162 (2010).

Substantial evidence supported the court's decision to enter a restraining order.

Smith presents no authority to support that additional findings were required to support a five-year restraining order. Nor did Smith raise such an argument below. The trial court did not abuse its discretion in imposing a restraining order protecting De Simone against Smith for a period of five years.

### Attorneys' Fees and Sanctions

De Simone requests attorney fees and costs because Smith's appeal is frivolous and without merit. De Simone argues that Smith fails to cite to legal authority and repeatedly misstates the record, therefore making his appeal frivolous.

Under RAP 18.9(a) the appellate court can order sanctions on a party if the party, "uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms." Sanctions can include an award of attorney fees to the opposing party. Yurtis v. Phipps, 143 Wn. App. 680, 696, 181 P.3d 849 (2008) (citing Rhinehart v. Seattle Times, Inc., 59 Wn. App. 332, 342, 798 P.2d 115 (1990)). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007). "A frivolous action is one that cannot be supported by any rational argument on the law or facts." Rhinehart, 59 Wn. App. at 340. "Doubts whether an appeal is frivolous in favor of the appellant." Caldwell v. City of Hoquiam, 194 Wn. App. 209, 225, 373 P.3d 271 (2016).

We do not find his appeal to be frivolous.[5]

CONCLUSION

We affirm.

_Coburn, J._

WE CONCUR:

_Feldman, J._          _Díaz, J._

---

[5] Smith requests sanctions be placed on De Simone because her responsive brief was filed one year after the initial deadline. De Simone had been granted a motion for extension of time and has filed her brief within the time set out by the court. Therefore, De Simone's brief was timely filed and the request for sanctions is denied.