[No. 21-40138-3.    Division Three.    November 25, 1969.]

WILLIAM C. HINSON, *Respondent*, v. JUNE HINSON, *Appellant*.

*Murray J. Anderson* (of *Anderson & Bingham*), for appellant.

*Philip M. Raekes* (of *Loney, Westland & Raekes*), for respondent.

GREEN, J.—This appeal presents one question:

Where there is no provision in a divorce decree, can a father, who is awarded the care, custody and control of the minor children, recover, in a later action, contribution from the remarried mother toward current support of the children?

The trial court said, "Yes." Defendant, the remarried mother, appeals.

On January 17, 1963, plaintiff William C. Hinson was granted a default decree of divorce from his defendant wife, June Hinson. The care, custody and control of the four minor children of the parties then aged 1, 4, 5 and 6 years, respectively, were awarded to plaintiff. The decree was silent as to support of the children. Plaintiff commenced this action against the defendant mother seeking financial contribution toward current and future support of the children.

The record discloses that, since the divorce, plaintiff has had continuous custody of the children and has provided all their support, except for some clothing and a small amount of money which the defendant sent to the children. When plaintiff commenced this action for support, he was working a total of 240 hours per month, for a combined net income of $465 per month. Plaintiff's housekeeper who was paid $100 per month was terminating her employment and

the estimated minimum cost to replace her was $150 per month. The evidence showed that plaintiff's minimum monthly expenses were barely equal to his net earnings and in fact he was getting more in debt. The increased cost for a new housekeeper would further increase the deficit.

In May 1965, defendant married her present husband, John Cashen. Prior to defendant's remarriage, she had been employed in bookkeeping and office work for the Seattle-First National Bank, a hotel, and Tide-Bay Company. The evidence showed that she worked for a time after her marriage to Cashen. Her highest earnings were $350 per month. Cashen is employed by Tide-Bay Company in Tacoma as manager of the mechanical division, earning $1,350 per month. Defendant and Cashen have no living children from their marriage. Cashen had one adopted child by a prior marriage and he pays $100 per month to his former wife as child support. Cashen's father resides with defendant and her husband who assist in his support and care.

During trial, evidence was introduced as to the income and expenses of all parties. Thereafter, judgment was entered requiring defendant to pay to plaintiff "the sum of $25 per month for each of the minor children of the parties until each child reaches the age of 21 years, is married, or sooner emancipated." This appeal followed.

RCW 26.16.205 provides:

> The expenses of the family and the education of the children are chargeable upon the property of both husband and wife or either of them, and in relation thereto they may be sued jointly or separately.

Unless the decree provides otherwise, the obligation imposed by this statute applies both before and after divorce. It is joint and several; not primary and secondary. *Hector v. Hector*, 51 Wash. 434, 99 P. 13 (1909).

In *Scott v. Holcomb*, 49 Wn.2d 387, 393, 301 P.2d 1068 (1956), the court, dealing with the problem of contribution for past support, said:

> . . . where there is no provision in the divorce decree for support, the rights and responsibilities of the parents

being equal, a *father may recover contribution for the support of his minor children* when he has had them in his custody while living separate and apart *from their mother.*

(Italics ours.) We believe the opinion in *Scott v. Holcomb, supra,* and the reasoning contained therein is dispositive of the issue involved in the instant case. If a father is entitled to recover contribution from a mother for past support, there can be no justification for denying contribution for current and future support. The provisions of RCW 26.08.110 support this conclusion:

> If the court determines that *either* party, or both, is entitled to a divorce . . . judgment shall be entered accordingly . . . and shall make provision . . . for the custody, support and education of the minor children of such marriage. Such decree as to alimony and the care, custody, support and education of the children may be modified, altered and revised by the court from time to time as circumstances may require.

(Italics ours.) Under this statute, "either, or both" parties can be required to contribute support for their minor children. In reaching the same conclusion, the trial judge aptly said:

> . . . the novelty of the question does not change the duties of the parties. Both are responsible and both should contribute. The father having physical custody does not change the duty . . .

In effect, the defendant in her brief reaches the same conclusion:

> It is conceded that he might well have an action now or in the future, should her present marriage terminate, or should she acquire separate property. But a legal lack of present ability should be recognized.

Counsel for defendant, in oral argument, reaffirmed this statement when he conceded that a father was entitled to recover child support from the mother if, but only if, the mother was unmarried and able to provide support. Defendant contends that the new community created by the mother's remarriage and the earnings of the new husband

is immune from the mother's obligation to support her children in the custody of the father. Defendant contends the law gives her no management or direct share of her husband's earnings and even if she had earnings of her own, they would belong to her new marital community under the management and control of Mr. Cashen. With these contentions we disagree.

Except for property owned by the husband or wife prior to marriage and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues and profits therefrom, all property acquired after marriage by either husband or wife, or both, is community property. RCW 26.16.030. Salaries or wages earned by either member of a marital community become community property, and each receives beneficial interest in the amounts earned. *State v. Miller*, 32 Wn.2d 149, 201 P.2d 136 (1948); *Hamlin v. Merlino*, 44 Wn.2d 851, 272 P.2d 125 (1954); *Jones v. Duke*, 151 Wash. 108, 275 P. 72 (1929). Each spouse is the owner of an undivided one-half interest in such community property. RCW 26.16.030; *Pittman v. Pittman*, 64 Wn.2d 735, 393 P.2d 957 (1964); *Potlatch No. 1 Fed. Credit Union v. Kennedy*, 76 Wn.2d 806, 459 P.2d 32 (1969).

In *Fisch v. Marler*, 1 Wn.2d 698, 97 P.2d 147 (1930), the court held that the community property of a remarried husband and his new wife could be garnisheed by a remarried former wife to satisfy the husband's obligation to pay permanent alimony to the former wife under a decree of divorce. In reaching this conclusion, the court said at 715:

(1) . . . the former wife has, and continues to have, a fixed and prior claim upon his earnings for the payment of such alimony. This rule finds particular support on grounds of justice and reason where there is a minor child or children of the former marriage.

(2) Garnishment is a proper proceeding to enforce such claims.

. . .

(4) Although the claim of the divorced wife upon the earnings of her former husband is a fixed and prior one, it is not in all cases to be enforced to the point of exhaus-

tion of such earnings, for the present wife also has a claim thereon which is entitled to consideration. Upon a showing by the present wife of necessitous circumstances, particularly where there is a minor child or children of the husband's subsequent marriage, the court may make such adjustment and allocation of the husband's earnings as may appear to it to be just and equitable in the premises.

(5) For the purpose of securing or protecting such rights as she may have in the earnings of her husband, the present wife may intervene in any proceeding which affects such earnings.

See also *State ex rel. Brown v. Brown*, 31 Wash. 397, 72 P. 86 (1903); *Dillon v. Dillon*, 34 Wn.2d 12, 21-22, 207 P.2d 752 (1949).

The reasoning in *Fisch v. Marler, supra*, is equally applicable to the duty of child support imposed on both father and mother by statute. RCW 26.16.205; *Hector v. Hector, supra*. Therefore, a man who marries a woman with children in the custody of the father, or a woman who marries a man with children in the custody of the mother, enters the new marriage relation subject to prior claim of child support against the community property of the new marriage. As a consequence, the earnings of the new community can be required to respond in contribution for reasonable child support, whether or not the children are resident with the new community.

Defendant's argument that public policy dictates the opposite conclusion as to a remarried mother is without merit in this day of women's emancipation and their participation at almost every level of responsibility in business, government and community affairs. Indeed, it would be contrary to public policy to permit either a father or a mother to evade his or her responsibility to support their offspring by the device of remarriage.

If the decree or judgment fixing support by the trial court in the instant case is onerous upon the defendant and sufficient grounds can be shown, then the defendant is entitled to petition for a modification of the support requirement. RCW 26.08.110.

■ Defendant contends that a change in circumstances was required to modify the original decree of divorce. Since no provision for support was made in the decree of divorce, no modification of the decree occurred and therefore a proof of change in circumstances was not required. However, if such were required, a review of this record indicates sufficient change in circumstances. Judgment is affirmed.

EVANS, C. J., and MUNSON, J., concur.