[No. 470-41450-1.    Division One—Panel 1.    April 5, 1971.]

BEVERLY H. LANE, *Respondent,* v. EDWARD M. LANE, *Appellant.*

*Donald H. McGavick,* for appellant.

*Guttormsen, Scholfield, Willits & Ager, David L. Ashbaugh,* and *Douglas K. Haughton,* for respondent.

PER CURIAM.—Edward M. Lane appeals from an order modifying the support divisions of a 1961 divorce decree by increasing the child support for each of his three children from $100 to $150 per month.

At the time of the divorce the parties were residing in Tacoma, Washington, and had three children aged 9, 6, and 3. Appellant's wife, Beverly H. Lane, now Sisterhenm, was unemployed. Appellant was a practicing attorney earning approximately $10,000 annually. In 1966, the respondent wife remarried and moved with the children to Redding, California. Her present husband now receives a gross

income as an executive for United States Plywood of over $15,000 annually. She is employed part time in a photography shop and as a jewelry designer, and by her testimony earns less than $1,000 per year from such activity. Appellant's law practice has prospered since the divorce. In 1967 his total income was over $41,000.[1] Consequently the trial court specifically found that since the entry of the decree of divorce the defendant husband has "earned a substantial increase in his average annual earnings." Finding 3. Further, finding 4 states:

That the plaintiff has testified that due to the increased ages of the children, their greater variety of interests and needs, medical expenses, and related items, the present monthly expense per child runs between $175.00 and $200.00 per month; that the defendant has testified that although his income has increased, his expenses due to his remarriage and the two additional children and other expenses, have increased substantially.

No error is assigned to these findings. They become the established facts of the case on appeal. CAROA 43.[2] *Riley v. Rhay*, 76 Wn.2d 32, 454 P.2d 820 (1969); *State v. Baker*, 1 Wn. App. 420, 462 P.2d 254 (1969). Based on these findings, the trial court determined that a change of circumstances existed sufficient to warrant a modification. Appellant claims the trial court erred in reaching this conclusion. Our Supreme Court stated in *Hume v. Hume*, 74 Wn.2d 319, 320, 444 P.2d 804 (1968):

Whether or not there has been a substantial and material change in circumstances as will warrant a modification of a support award is a decision that rests almost exclusively with the trial court. *Wages v. Wages*, 39 Wn.2d 74, 234 P.2d 497 (1951). And we will not disturb that decision unless it is entered on grounds either manifestly unreasonable or clearly untenable. *Gordon v. Gordon*, 44 Wn.2d 222, 266 P.2d 786 (1954).

[1]This includes $33,340 from his law practice, $2,597 from Washington Cleaners, a partnership, and $5,663 from his present wife's earnings.

[2]CAROA 43 states in part: "In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto."

The grounds recited of changed circumstances; namely, the appellant-father's substantially increased income, coupled with the increased costs for the needs of the children, are neither "manifestly unreasonable" nor "clearly untenable." *Gordon v. Gordon,* 44 Wn.2d 222, 266 P.2d 786 (1954). We are unable to ascertain from the record or appellant's brief the existence of circumstances showing a manifest abuse of discretion.

■ The appellant husband, however, claims the trial court erred in failing to recognize the joint and several obligations imposed on both parents by RCW 26.16.205 (since amended by Laws of 1969, Ex. Ses., ch. 207, § 1, p. 1549).[3] He argues that his former wife, the children's mother, is required by that statute to contribute an equal amount to the support and education of their children. Therefore, he says, by contributing $100 per month per child, he is providing at least half of their support, even if the monthly expenses per child have increased from $150 to $175-$200 per month, so the mother ought to pay the other half. This argument is untenable. Even though RCW 26.16.205 imposes a joint and several obligation on both parents (*Scott v. Holcomb,* 49 Wn.2d 387, 301 P.2d 1068 (1956); *Hinson v. Hinson,* 1 Wn. App. 348, 461 P.2d 560 (1969)), the trial court still retains the discretion to consider the needs of the children and the economic circumstances of the parents when determining what percentage of the child support each parent should provide. *See Puckett v. Puckett,* 76 Wn.2d 703, 458 P.2d 556 (1969); *Kelso v. Kelso,* 75 Wn.2d 24, 27, 448 P.2d 499 (1968). The trial court properly exercised its discretion.

Judgment affirmed.

---

[3]RCW 26.16.205 states: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."