[No. 2629-1.    Division One.    May 5, 1975.]

THERESA SMITH, *Respondent*, v. DONALD C. SMITH, *Appellant.*

*Edwards & Wetherall* and *Richard L. Barbieri*, for appellant.

*Ryan, Bush, Swanson & Hendel* and *Douglas R. Hendel*, for respondent.

ANDERSEN, J.—

## FACTS OF CASE

On August 4, 1971, the plaintiff Theresa Smith was granted a noncontested decree of divorce from defendant Dr. Donald C. Smith. The plaintiff was given custody of the parties' two minor children.

By the decree, defendant was given reasonable rights of visitation and was required to pay $325 per month and a percentage of his adjusted gross income for the support of each of the two youngsters. A property settlement agreement between the parties was incorporated in the decree by reference.

Five days after the entry of the divorce decree, plaintiff remarried. Subsequently the defendant likewise remarried. Approximately 16 months after the entry of the decree, defendant petitioned the court asking modification of the provisions of the divorce decree relating to child support.

Hearing was held on the petition to modify on July 9, 1973. It was not controverted that the adjusted gross income of the plaintiff's new husband, also a medical doctor, was $35,200 for 1972 and was expected to be approximately the same for 1973.

On October 18, 1973, the court entered its order and judgment denying the petition to modify and defendant appeals therefrom.

## ISSUE

In determining whether or not there has been such a substantial change of circumstances as will warrant modification of a support award, must the trial court consider the income available to both parents and to both of their new marital communities?

## DECISION

CONCLUSION. In determining whether or not there has been such a substantial change of circumstances as will warrant modification of the child support provisions of a

divorce decree, the trial court must consider the income available not only to both parents, but also to their respective new marital communities, if any.

Defendant's principal assignment of error is that the trial court erred in not considering the $35,200 annual income of the plaintiff's new marital community as a factor in determining whether or not there had been such a substantial change in circumstances as would warrant the support modification sought by the defendant.

■ It is undoubtedly the law that the party petitioning for modification of a divorce has the burden of proof. *Corson v. Corson*, 46 Wn.2d 611, 614, 283 P.2d 673 (1955); *Schorno v. Schorno*, 26 Wn.2d 11, 17, 172 P.2d 474 (1946). Further, whether or not there has been a substantial change in circumstances as will warrant modification of a child support award is a decision which rests almost exclusively with the trial court, and its decision will not be disturbed unless it is either manifestly unreasonable or clearly untenable. *Hume v. Hume*, 74 Wn.2d 319, 320, 444 P.2d 804 (1968); *Lane v. Lane*, 4 Wn. App. 632, 633, 483 P.2d 644 (1971).

■ While the weight that the trial court accords to the various factors it considers at a modification hearing is largely discretionary, the factors which it considers are not. *Lambert v. Lambert*, 66 Wn.2d 503, 509, 403 P.2d 664 (1965); *Corson v. Corson, supra* at 615. It is the latter aspect of this case that the defendant particularly questions by this appeal.

■ It is unclear from the findings of fact entered by the trial court following the modification hearing whether it considered the income available to the marital community comprised of the plaintiff and her new husband in arriving at its decision. Accordingly, we refer to the trial court's oral decision by way of interpretation. *Bowman v. Webster*, 42 Wn.2d 129, 135, 253 P.2d 934 (1953).

The trial court in its oral decision stated:

> *Now, I will make these observations as to the factual areas that I deem have significance here.*

(Italics ours.) The trial court thereupon reviewed the various factors it took into consideration, but not including the income of the plaintiff's new marital community. The trial court then concluded:

> ΄ *Based upon those factors* it will be the finding of the Court that there is not sufficient change in circumstances subsequent to the time of the entry of the decree of, or the divorce decree, to justify a modification.

(Italics ours.)

It thus appears that the trial court did not take into consideration the factor of the $35,200 annual income of the ex-wife's new marital community in deciding the ex-husband's petition to modify.

The rule with respect to modification of child support provisions of a divorce decree as historically stated is no longer strictly accurate. It has for years been traditionally said that support modification will be granted upon a showing of substantial and material change in the condition and circumstances of the parties occurring since the entry of the decree of divorce relative to the factors of (1) the necessities of the children, and (2) the practical and realistic ability of the *ex-husband* to meet the obligations so imposed. *Hume v. Hume, supra* at 321; *Lambert v. Lambert, supra* at 508.

■ As of the July 9, 1973, modification hearing in the present case, however, the financial circumstances factor to be considered by the trial court at the modification hearing had been extended by statute and case law to include the financial circumstances of the ex-wife as well as of the ex-husband and their respective new marital communities, if any. RCW 26.16.205; *Lane v. Lane, supra* at 634; *Hinson v. Hinson,* 1 Wn. App. 348, 353, 461 P.2d 560 (1969).

The court held in *Hinson*:

> [T]he earnings of the new community can be required to respond in contribution for reasonable child support, whether or not the children are resident with the new community.
>
>   Defendant's argument that public policy dictates the opposite conclusion as to a remarried mother is without

merit in this day of women's emancipation and their participation at almost every level of responsibility in business, government and community affairs.

*Hinson v. Hinson, supra* at 353.

It is to be remembered that while the sixty-first amendment to the Constitution of the State of Washington, approved November 7, 1972, is commonly referred to as the equal rights amendment, it firmly requires equal responsibilities as well.[1] This amendment is the touchstone of the developing case and statute law in the area of marriage dissolution. *See also* H. Cross, *Equality For Spouses in Washington Community Property Law — 1972 Statutory Changes,* 48 Wash. L. Rev. 527 (1973).

The mutuality of responsibility of both parties for their children has been made even more explicit by the adoption of the dissolution of marriage act, Laws of 1973, 1st Ex. Sess., ch. 157, effective July 16, 1973. RCW 26.09. Such responsibility was nonetheless also clear by the time of the July 9, 1973, modification hearing herein.

This is not to say that an ex-husband and an ex-wife or their respective marital communities, as the case may be, must always contribute equally to the support of their children. The trial court retains the discretion to consider the needs of the children and the economic circumstances of the parents when determining what percentage of the child support each parent or community should provide. *Lane v. Lane, supra* at 634.

The plaintiff wife's brief repeatedly refers to the property settlement agreement previously entered by the parties and relies heavily upon it. We are unable to consider that argument inasmuch as the property settlement agreement has not been made a part of the record on this appeal. This court will not consider matters not in the appellate record. CAROA 35; *State v. Armstead,* 13 Wn. App. 59, 66, 533 P.2d 147 (1975).

---

[1] "Equality of rights and responsibility under the law shall not be denied or abridged on account of sex." Const. art. 31, § 1 (amendment 61).

We hold that in determining whether or not there has been such a substantial change of circumstances as will warrant a modification of the child support provisions of the divorce decree, the trial court must consider the income available to both parents and to their respective new marital communities.

It appears from the record before us that the trial court erred in not doing this.

This cause is accordingly remanded for such further proceedings and findings as are consistent herewith. The defendant, as appellant herein, shall recover his costs on this appeal.

WILLIAMS, C.J., and JAMES, J., concur.