[No. 7551-6-III. Division Three. April 16, 1987.]

*In the Matter of the Marriage of* CHERRIE CORREIA, *Respondent, and* JOHN CORREIA, JR., *Appellant.*

*James E. Baker* and *Miracle, Pruzan & Morrow,* for appellant.

*Russell J. Mazzola* and *Smith, Scott & Mazzola,* for respondent.

GREEN, J.—John Correia, Jr., appeals the denial of his motion for modification of child support. The appeal raises the following questions: (1) Is Mr. Correia's service–connected disability compensation exempt from consideration in determining child support? (2) Can Mr. Correia collaterally attack the amount of support awarded in the divorce decree on the basis the trial court lacked subject matter jurisdiction? and (3) Did the court err in granting Mrs. Correia, now Mrs. Picatti, attorney fees? We affirm.

The parties were married on September 10, 1973. Mr. Correia adopted Mrs. Picatti's son Benjamin (born March 22, 1972) from a previous marriage. The couple had two other sons, Antone and Timothy, who were both born during the marriage. On August 10, 1981, the marriage was dissolved. The decree awarded custody of the children to

Mrs. Picatti and provided that Mr. Correia pay child support of "30% of the income which he is allowed to receive from any source, including VA, retirement or social security."

Mr. Correia became substantially in arrears on his child support payments and on October 29, 1985, he moved to modify the child support provision of the decree. This motion was denied. Mr. Correia was ordered to pay back child support in the amount of $9,185.96. Mr. Correia filed motions for reconsideration and attorney fees contending his disability benefits were exempt and could not be considered in determining the amount of child support. The motions were denied and the court granted Mrs. Picatti's motion for attorney fees in the amount of $3,000. Mr. Correia appeals.

First, Mr. Correia contends his veterans compensation for his service–connected disability is exempt from liability for child support pursuant to 38 U.S.C. § 3101(a) and § 770(g). *Ridgway v. Ridgway*, 454 U.S. 46, 70 L. Ed. 2d 39, 102 S. Ct. 49 (1981). He argues that computing his child support obligation by taking a percentage of all of his income including the Veterans Administration (VA) benefits amounts to a seizure of exempt funds.

38 U.S.C. § 3101(a) provides in part:

> Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

RCW 26.09.100 provides:

> In a proceeding for dissolution of marriage . . . or child support, after considering all relevant factors but

without regard to marital misconduct, the court may order either or both parents owing a duty of support to any child of the marriage dependent upon either or both spouses to pay an amount reasonable or necessary for his support.

Generally, federal law is limited in its application to domestic relations; the United States Supreme Court favors state court retention of exclusive control over the collection of child support and state family and family property law must do "major damage" to "clear and substantial" federal interests before the supremacy clause will override or preempt the state law. *Ridgway v. Ridgway*, 454 U.S. at 54. In establishing the initial amount of child support, the court may consider not only the needs of the children but also the economic circumstances including current and future income of the divorced parents. *In re Marriage of Edwards*, 99 Wn.2d 913, 915, 665 P.2d 883 (1983) (quoting *Childers v. Childers*, 89 Wn.2d 592, 598, 575 P.2d 201 (1978)); *Puckett v. Puckett*, 76 Wn.2d 703, 458 P.2d 556 (1969); *Lane v. Lane*, 4 Wn. App. 632, 483 P.2d 644 (1971). In determining whether there has been such a substantial change of circumstances as will warrant modification of child support provisions of the divorce decree, the court must consider the income available to both parents. *In re Marriage of Cook*, 28 Wn. App. 518, 624 P.2d 743 (1981); *Smith v. Smith*, 13 Wn. App. 381, 534 P.2d 1033 (1975).

A court may consider military nondisability retired pay as an economic circumstance of the parties when dividing property. *In re Marriage of Smith*, 100 Wn.2d 319, 669 P.2d 448 (1983). Child support obligations are markedly different from ordinary indebtedness. *Wissner v. Wissner*, 338 U.S. 655, 94 L. Ed. 424, 70 S. Ct. 398 (1950). *Cohen v. Murphy*, 368 Mass. 144, 330 N.E.2d 473, 77 A.L.R.3d 1310 (1975); *Peterson v. Peterson*, 98 N.M. 744, 652 P.2d 1195 (1982); *In re Marriage of Tibbles*, 63 Or. App. 774, 665 P.2d 1267 (1983), and *Parker v. Parker*, 335 Pa. Super. 348, 484 A.2d 168 (1984) all basically hold that a spouse's military disability payments may be considered in setting spousal or

child support.[1]

*Ridgway* is distinguishable as it involved the proceeds of a servicemen's group life insurance which the trial court ordered be placed in trust for the deceased veteran's children from his first marriage even though his second wife was the designated beneficiary on the policy. The Supreme Court reversed and held that federal law and regulations bestow on the veteran the absolute right to designate the policy beneficiary and thus any diversion of the proceeds of the policy by means of a court imposed constructive trust would operate as a forbidden "seizure" on the proceeds.

Here, prohibited by 38 U.S.C. § 3101(a), the court did not garnish, assign, alienate or do anything else to Mr. Correia's VA disability compensation. The court merely considered Mr. Correia's entire income which included his disability benefits before ordering him to pay as a child support obligation one–third of his entire income. The court did not err.

Second, Mr. Correia contends he may collaterally attack the judgment for unpaid child support because the court did not have subject matter jurisdiction to make an award of the exempt benefits. We disagree.

*In re Marriage of Brown,* 98 Wn.2d 46, 653 P.2d 602 (1982) held that a pre–*McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981) divorce decree dividing retired military pay should be regarded as an error of law rather than a lack of subject matter jurisdiction and thus it is not open to collateral attack. That case also held a final judgment is not open to collateral attack based on the court's lack of subject matter jurisdiction unless: (1) the

---

[1] Mr. Correia cites *Ex parte Burson,* 615 S.W.2d 192 (Tex. 1981) and *Ex parte Johnson,* 591 S.W.2d 453 (Tex. 1979) to support his argument. However, those cases are factually distinguishable as in one case the divorce decree required the veteran to deposit into the registry of the court for the benefit of his wife one–half of his monthly VA disability retirement check, and in the other case the veteran was ordered to assign a portion of his disability check to his wife. Also in *Dieppa v. Pereira,* 580 F. Supp. 735 (D.P.R. 1984) the court held that since the veteran had waived all of his retirement pay in order to receive disability, his disability compensation was not garnishable.

court manifestly abused its authority in entertaining the action; (2) allowing the judgment to stand would substantially infringe on the authority of another tribunal or governmental agency; or (3) the court lacked the capability to make an informed decision regarding its jurisdiction and the collateral attack should be allowed as a matter of procedural fairness. The court stated further that while a state court is preempted from dividing military retired pay, it may still consider such pay as a factor within the totality of circumstances surrounding the dissolution. *In re Marriage of Brown, supra* at 49.

In light of *In re Marriage of Brown, supra,* we hold the court did have subject matter jurisdiction to consider Mr. Correia's VA disability benefits in determining his child support obligation. But even if the court erred in considering such, it was an error of law not subject to collateral attack.

Finally, Mr. Correia contends the court erred in granting Mrs. Picatti's motion for attorney fees as he cannot be faulted for "protracted litigation" where he simply attempted to correct the court's error of law and Mrs. Picatti failed to demonstrate her inability to pay her own attorney fees. We disagree.

Neither party cites to a new statute enacted in 1984, RCW 26.18.160, which provides: "In any action to enforce a support order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees." This statute is cited in only one Washington case and there the court awarded attorney fees on appeal to the prevailing party without discussion as to a showing of need or inability to pay. *Effert v. Kalup,* 45 Wn. App. 12, 17–18, 723 P.2d 541 (1986).

We hold the court did not err in awarding Mrs. Picatti attorney fees.

Affirmed.

MᴄIɴᴛᴜʀꜰꜰ, C.J., and Mᴜɴꜱoɴ, J., concur.